UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DAVID BROWN,

                Plaintiff,

      -against-                                    **MEMORANDUM AND ORDER**
                                                                         25-CV-0094-SJB-ST

SUFFOLK COUNTY POLICE DEPARTMENT
7th PRECINCT, *et al.*,

                Defendants.
----------------------------------------------------------------x

**BULSARA, United States District Judge:**

    *Pro se* Plaintiff David Brown ("Brown" or "Plaintiff") currently incarcerated at the Suffolk County Correctional Facility ("SCCF") in Riverhead, New York filed this *pro se* action alleging violations of 42 U.S.C. § 1983 ("Section 1983") by the Suffolk County Police Department 7th Precinct, ("SCPD"), the Suffolk County District Attorney's Office ("SCDA"), and three unidentified individuals police officers working from the SCPD ("Individual Defendants"). (Compl. dated Jan. 6, 2025 ("Compl."), Dkt. No. 1. at 2-3). Brown also filed a motion to proceed *in forma pauperis* ("IFP"). (IFP Mot. dated Jan. 6, 2025 ("IFP Mot."), Dkt. No. 2). Brown's request to proceed IFP is granted. But for the reasons discussed below, Brown's claims against the SCPD and the SCDA are dismissed with prejudice. Brown's claims against the Individual Defendants will proceed.

## STANDARDS

    A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain more than "naked assertion[s] devoid of further factual enhancement." *Id.* (quotations omitted). In other words, a plausible claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; Fed. R. Civ. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted). The determination of whether a party has alleged a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *see also Escamilla v. Young Shing Trading Co.*, No. 17-CV-652, 2018 WL 1521858, at *2 (E.D.N.Y. Jan. 8, 2018), *report and recommendation adopted*, 2018 WL 1033249, at *3 (Feb. 23, 2018).

A *pro se* plaintiff's pleadings are held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that "[e]ven after *Twombly*," courts "remain obligated to construe a *pro se* complaint liberally"). "Where, as here, the complaint was filed *pro se*, it must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)); *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) ("We liberally construe pleadings and briefs submitted by *pro se* litigants . . . 'to raise the strongest arguments they suggest'") (quoting *Burgos v. Hopkins*, 14 F.3d 787,

2

790 (2d Cir.1994). "This is particularly so when the *pro se* plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

Nonetheless, even *pro se* complaints must contain sufficient factual allegations to allege a plausible claim. *Hogan*, 738 F.3d at 515; *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). Under the IFP statute, 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and quotations omitted); *see* 28 U.S.C. § 1915A(b).[1]

## DISCUSSION

Brown commenced this action on January 6, 2025 (Compl.), and filed an IFP motion with his Complaint. (IFP Mot.). Brown names the SCPD, the SCDA, and three Individual Defendants and alleges false arrest pursuant to Section 1983. Brown alleges that he was arrested on June 18, 2024 and charged with criminal possession of a controlled substance—cocaine—that was later determined to be caffeine. (Compl. at 4.

---

[1] Like the IFP statute, the Prison Litigation Reform Act requires a district court to screen a complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of it, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

¶ II.)  Although he was detained at the SCCF for seven months, Brown alleges that these charges were "eventually dismissed." (*Id.*)  Brown seeks damages for pain, suffering, defamation, mental anguish and other injuries.  (*Id.* at 4-5, ¶¶ II.A.-III.).

Brown brought this action pursuant to Section 1983.  (Compl. at 1).  Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]

42 U.S.C. § 1983.  To state a claim for relief under Section 1983, a plaintiff must allege that defendants violated the plaintiff's constitutional or federal rights while acting under color of state law.  42 U.S.C. § 1983; *see also Washington v. County of Rockland*, 373 F.3d 310, 315 (2d Cir. 2004).  And "[t]o prevail on a § 1983 claim against a municipality, a plaintiff must demonstrate the existence of a municipal policy, custom, or practice that caused a claimed constitutional violation."  *Brown v. Vitucci*, No. 22-CV-1070, 2023 WL 2961730, at *3 (2d Cir. Apr. 17, 2023) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692-94 (1978)).

      i.     **Claims Against SCPD and SCDA**

Here, Brown names the SCPD and the SCDA as defendants.  However, neither entity is suable under Section 1983 because they are not "persons" within the meaning of the statute.  *Hester-Bey v. Police Dep't*, No. 12-CV-3320, 2012 WL 4447383, at *1 (E.D.N.Y. Sept. 24, 2012) ("The New York City Police Department is not a 'person' within the meaning of section 1983 and is therefore, not a suable entity") (citing

4

*Campbell v. New York City Police*, No. 05-CV-2858, 2005 WL 1970954, at *1 (E.D.N.Y. Aug. 10, 2005)); *see also Miller v. Nassau Cnty. Dist. Attorney's Off.*, No. 09-CV-2819, 2009 WL 5218606, at *3 (E.D.N.Y. Dec. 28, 2009) (dismissing claims against the Hempstead Police Department and Nassau County District Attorney's Office because neither is "an entity capable of being sued" under New York law). And, "even if the Court interprets Plaintiff's claims" against the SCPD and the SCDA as against Suffolk County, "those claims must be dismissed without prejudice" because Brown has failed to "allege any facts to show a municipal policy or custom [that] deprived Plaintiff of a constitutional right." *Id.*; *see also Monell*, 436 U.S. at 692-94 (1978)).[2]

Thus, Brown's Section 1983 claims against the SCPD and SCDA are not plausible and are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1). *E.g., Miller*, 2009 WL 5218606, at *3 (dismissing with prejudice *pro se* plaintiff's claims against police department and district attorney's office *sua sponte*).

On the other hand, the claims against the unidentified Individual Defendants are not frivolous; nor has Plaintiff failed to state a claim or sued an immune entity. His claims against these parties may move forward.

Accordingly, the Court orders service of process upon the Individual Defendants by the United States Marshal Service ("USMS"). However, the USMS will need more information to serve them. Consistent with *Valentin v. Dinkins*, 121 F.3d 72, 75-76 (2d

---

[2] Separately, local New York police departments are only administrative subdivisions that have no identity separate from the county where they are located; they, therefore, are not suable entities. *E.g., Henry v. Cnty. of Nassau*, 6 F.4th 324, 336 (2d Cir. 2021) (affirming dismissal of claims against the Nassau County Police Department).

5

Cir. 1997) (per curiam), the Suffolk County Attorney is directed to identify the Individual Defendants who are alleged to have been employed by the Suffolk County Police Department and interacted with Brown on or about June 18, 2024.

The Clerk of the Court is directed to serve a copy of the Complaint together with this Order on the Suffolk County Attorney. The Suffolk County Attorney's Office is directed to then (1) attempt to ascertain the identities of the Individual Defendants and (2) file a letter by March 6, 2025, that provides the names of the Individual Defendants and the address(es) where they may be served.[3] Following the Suffolk County Attorney's compliance with this Order, the Clerk of the Court must issue summonses to the Individual Defendants and shall forward the summonses along with copies of the Complaint and this Order to the USMS for service.

## CONCLUSION

For the reasons set forth above, Brown's IFP Motion is granted and his claims against the SCPD and the SCDA are dismissed with prejudice. Should Brown file an amended complaint naming Suffolk County as a defendant, he must set forth the legal basis and factual allegations to support his claims. Brown's remaining Section 1983 claims against the Individual Defendants will proceed and the Court orders the Clerk, the Suffolk County Attorney's Office, and the USMS to proceed as directed herein.

---

[3] The Suffolk County Attorney need not undertake to defend or indemnify the Individual Defendants at this juncture. This Order merely provides a means by which Brown may name and properly serve those defendants.

6

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

        SO ORDERED.

        */s/ Sanket J. Bulsara*

        SANKET J. BULSARA
        United States District Judge

Date:    February 6, 2025
          Central Islip, NY